78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles JACKSON, Plaintiff-Appellant,
v.
Richard B. GRAMLEY, Jack T. Hartwick, Louis O. Lowery,
Francis Melvin, Donnie Whitaker, Timothy Lovell,
and Dennis Gish, Defendants-Appellees.
 No. 95-1719.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided Feb. 29, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Charles Jackson, an Illinois state prisoner, filed suit pro se under 42 U.S.C. § 1983 against prison officials for violating the Eighth Amendment by refusing to transfer him, as ordered by a physician, to a particular convalescent gallery. We review de novo Jackson's appeal of the district court's adverse summary judgment, assuming the truth of the allegations and drawing all reasonable inferences from the facts (as fully presented below) in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Williams v. Ramos, 71 F.3d 1246, 1248 (7th Cir.1995).
 
 
 2
 Jackson must show that the prison officials were "deliberately indifferent" to his "serious medical needs." Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). Jackson attempted to prove the defendants' deliberate indifference by showing that they knew he had a serious heart condition, that he was stabbed and subsequently suffered a stroke and a cardiac arrest while in the West Cellhouse, and that they nevertheless failed to transfer him to the South Cellhouse located on the ground floor--even after his cardiologist told him not to climb stairs and walk unnecessary distances (as Jackson claimed were required in the West Cellhouse) and after Dr. Aliuddin, the prison doctor, "prescribed" that he be placed in the South Cellhouse. Moreover, Jackson's affidavit stated that he had a witness who would testify that some defendants conspired to move a non-convalescent inmate into the South Cellhouse so there was no room for Jackson. Finally, he argues that the defendants' refusal to move him was because of a "so-called security problem, and not because it was better for plaintiff's medical condition as defendants['] attorney tries to project." (Pl.'s Br. at 2).
 
 
 3
 Jackson did not support his arguments with any legal authority, as he must under Fed.R.Civ.P. 28(a)(5), and he critically failed to counter the defendants' uncontested affidavit from Dr. Aliuddin, stating that Jackson "received adequate medical care and follow-up treatment for [his serious heart] condition within generally accepted standards in the medical profession. In particular, Charles Jackson's placement in the West Cellhouse at Pontiac after October 12, 1990 was appropriate for Charles Jackson's medical condition." (R. at 47, Defs.' Ex.L). Jackson's disagreement with the prison medical staff about his medical needs will not support a showing of deliberate indifference, see Estelle v. Gamble, 429 U.S. 97, 107 (1976), and the failure to follow a prescribed treatment does not violate the Eighth Amendment unless the prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed by intentionally interfering with the "prescribed" transfer, and the officials must also draw that inference. Farmer, 114 S.Ct. at 1979; Williams, 71 F.3d at 1250-51 (no deliberate indifference when defendants failed to accommodate inmate's preferred living situation in a lower bunk as ordered in a medical certificate).
 
 
 4
 It is immaterial that the defendants knew that Jackson was stabbed and subsequently suffered a heart attack and stroke while in the West Cellhouse since Jackson failed to prove that the defendants intended to harm him. Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir.1995) ("The guard or warden must want to injure the prisoner or must know of and disregard a substantial risk that harm will befall the prisoner."). Although "[t]he burden of establishing intent is always difficult," Scheib v. Grant, 22 F.3d 149, 155 (7th Cir.1994), cert. denied, 115 S.Ct. 320 (1994), "summary judgment will not be defeated simply because issues of motive or intent are involved, and is proper when plaintiff fails to indicate any motive or intent to support plaintiff's position." Morgan v. Harris Trust and Sav'g Bank, 867 F.2d 1023, 1026 (7th Cir.1989). Jackson failed to support[1] his allegations of a conspiracy to keep him out of the South Cellhouse, and, in any event, such a conspiracy does not necessarily show an intent to harm. Jackson admits that the defendants refused to move him because of perceived "security problems" in returning him to the South Cellhouse--a valid justification that does not evince criminal recklessness. See Farmer, 114 S.Ct. at 1970; Johnson, 69 F.3d at 147 ("One who makes a claim under the cruel and unusual punishments clause must show that the state has created risk or inflicted pain pointlessly."). Moreover, the defendants would "be free from liability if they responded reasonably to the risk that he might suffer future medical problems, even if the harm ultimately was not averted." Farmer, 114 S.Ct. at 1970. Here, the defendants submitted an uncontroverted affidavit that meals could be brought to Jackson so that he did not have to climb stairs and that the conditions in the West Cellhouse were "reasonable for his condition." Thus, Jackson has failed to show that the defendants did not respond reasonably to his serious medical needs. See id. Because Jackson has failed to show that the defendants were deliberately indifferent to his medical needs, and therefore to prove the existence of a disputed material fact on whether he suffered a constitutional deprivation, he failed to meet his burden under Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), and so we affirm the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statements were filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Although Jackson submitted an affidavit stating that he had a witness who could testify to the alleged conspiracy, this affidavit does not prove anything as it is not based on Jackson's personal knowledge. See Fed.R.Evid. 602. Likewise, we cannot consider the affidavit from this witness which Jackson attached to his appellate brief since it was neither attested to nor first submitted to the district court as required under Fed.R.App.P. 10(a) (excluding from appendix any material not before the district court); Branion v. Gramly, 855 F.2d 1256, 1260 (7th Cir.1988), cert. denied, 490 U.S. 1008 (1989)